IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. UNITED PARK CITY MINES COMPANY, Defendant. | MEMORANDUM DECISION Case No. 2:19-cv-00200-BSJ-DBP District Judge Bruce S. Jenkins Magistrate Judge Dustin B. Pead |
|---|---|

This matter was referred to the Court under 28 U.S.C. section 636(b)(1)(A). (ECF No. 27). This case is before the Court on Plaintiff United States of America's ("USA") short form motion to compel document requests and a response to an interrogatory from Defendant United Park City Mines Company ("UPCM"). (ECF 24).

**I.  Dispute**

USA argues there are shortcomings in UPCM's responses to three document production requests and to one interrogatory. (ECF No. 24 at 1). Additionally, USA states that UPCM is acquiring scanned copies from an on-site inspection of pre-1982 documents, but that although UPCM acquired a first batch of the scanned documents on September 26, 2019, UPCM has yet to provide any documents. (*Id.* at 2-3).

UPCM argues in its Opposition that USA is not acting in good faith in accordance with the local and federal rules. (ECF No. 26 at 1) (*Citing* Fed. R. Civ. P 37(a)(1) and DUCivR 37-1(a)). Specifically, UPCM points to USA's statement that the parties held a meet-and-confer phone call on October 18 and that during the meeting UPCM represented that "it intended to produce [certain] documents the following week, but it has not yet done so." (*Id.*; ECF No. 24 at

2). Although the meeting was on a Friday afternoon, USA filed its short form discovery motion the following Monday morning, October 21, before 8:00 a.m. (ECF No. 26 at 1). UPCM argues that the parties agreed to produce documents on a rolling basis. (*Id.* at 2). Furthermore, UPCM states that it has produced many of the documents USA requested in the time since USA filed its motion. (*Id.*).

## II. Analysis

The court denies USA's short form motion to compel based on its failure to adequately confer with UPCM. It is within the Court's discretion to deny a motion to compel for failure to comply with the meet-and-confer requirements set forth in Rule 37 and corresponding local rules. *See Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007). Rule 37 requires certification that the moving party has "in good faith conferred" with the opposing party in an effort to obtain discovery without court intervention. Fed. R. Civ. P. 37(a)(1). Likewise, the District of Utah's local rule requires counsel to demonstrate "reasonable efforts to reach agreement on the disputed matters." DUCivR 37-1(a)(4).

Here, USA has not sufficiently complied with the meet-and-confer requirements of the local and federal rules. At the meet-and-confer phone call on Friday, October 18, UPCM stated it would produce documents during the following week. Before the following week could even begin, USA filed its short form motion to compel. By not allowing UPCM a reasonable time to respond following the October 18 meeting, USA failed to adequately confer with UPCM. Rules 37 and 37-1 set forth more than a requirement to hold a perfunctory meeting prior to filing a discovery motion. The rules require ongoing good faith and reasonable efforts to reach a resolution prior to filing a motion. Having a meeting, or multiple meetings, is only part of the process. Earnestly seeking a resolution is another.

### III. Ruling

Based on the foregoing, the Court **DENIES** Plaintiff's short form motion to compel without prejudice. (ECF No. 24). The parties are admonished to work together to find reasonable solutions. The Court will not set an artificial requirement regarding future conferences, but the parties should bear in mind the admonition of the District of Kansas on this subject:

> The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

Should these production issues remain unresolved after further discussion, the Court will entertain another motion. Both parties are encouraged to work together to make the discovery process as efficient and meaningful as possible.

IT IS SO ORDERED.

Dated this 31st day of October, 2019.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge